EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
State Bar No. 117315
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-1362
  Fax: (415) 703-1234
  Email: peggy.ruffra@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **VICTOR RAY CRAWFORD,** | C 08-2694 PJH |
| Petitioner, | **ANSWER TO ORDER TO SHOW CAUSE** |
| v. | |
| **MICHAEL EVANS, Warden,** | |
| Respondent. | |

Respondent hereby provides this answer to the Order to Show Cause why the petition for writ of habeas corpus should not be granted.

**I.**

**CUSTODY**

Petitioner is lawfully in the custody of Michael Evans, Warden of Salinas Valley State Prison, as a result of a judgment of conviction in Case No. 102016. On January 28, 1982, a San Francisco County jury convicted petitioner of kidnapping for robbery, attempted robbery, lewd and lascivious acts on a child under 14 years old, forcible oral copulation with a child under 14 years old and more than 10 years younger than petitioner, forcible sodomy with a child under 14 years old and more than 10 years younger than petitioner, and assault likely to produce great bodily injury. On

February 25, 1982, the trial court sentenced petitioner to life in prison plus 16 years.

## II.
## GENERAL AND SPECIFIC DENIALS

Respondent denies that the state court's ruling was based on an unreasonable determination of fact or was contrary to or involved an unreasonable application of clearly established United States Supreme Court law. Respondent specifically denies that there was insufficient evidence to support the conviction of kidnapping for robbery.

## III.
## PROCEDURAL ISSUES

The claims in the petition are exhausted. The petition is timely within the meaning of 28 U.S.C. § 2244(d).

## IV.
## LODGED DOCUMENTS

Respondent has lodged concurrently with this answer the following exhibits: (1) Clerk's Transcript (1 volume); (2) Reporter's Transcript (1 volume); (3) Appellant's Opening Brief; (4) Respondent's Brief; (5) Appellant's Reply Brief; (6) Opinion by California Court of Appeal; (7) Petition for Review; (8) Order denying review by California Supreme Court.

## V.
## INCORPORATION BY REFERENCE

Respondent hereby incorporates by reference the accompanying memorandum of points and authorities in support of this answer.

## VI.
## CONCLUSION

Respondent respectfully requests that the petition for writ of habeas corpus be denied.

1  Dated: July 28, 2008

2  Respectfully submitted,

3  EDMUND G. BROWN JR.
Attorney General of the State of California

4  DANE R. GILLETTE
Chief Assistant Attorney General

5  GERALD A. ENGLER
Senior Assistant Attorney General

6  GREGORY A. OTT
Deputy Attorney General

**/s/ Peggy S. Ruffra**

PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Respondent

*Crawford v. Evans* - Answer to Order to Show Cause - C 08-2694 PJH

3

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
State Bar No. 117315
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-1362
  Fax: (415) 703-1234
  Email: peggy.ruffra@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **VICTOR RAY CRAWFORD,** | C 08-2694 PJH |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER** |
| v. | |
| **MICHAEL EVANS, Warden,** | |
| Respondent. | |

## STATEMENT OF THE CASE

On January 28, 1982, a San Francisco County jury convicted petitioner of kidnapping for robbery, attempted robbery, lewd and lascivious acts on a child under 14 years old, forcible oral copulation with a child under 14 years old and more than 10 years younger than petitioner, forcible sodomy with a child under 14 years old and more than 10 years younger than petitioner, and assault likely to produce great bodily injury. Exh. 1, Clerk's Transcript ("CT") 17-22. On February 25, 1982, the trial court sentenced petitioner to life in prison plus 16 years. CT 23-27.

Although a timely notice of appeal was filed, CT 29, petitioner's retained appellate counsel failed to file an opening brief, and the appeal was dismissed. On December 7, 2005, the

1  California Court of Appeal granted petitioner's motion to recall the remittitur and reinstated the
2  appeal. On December 19, 2006, the appellate court affirmed the judgment. Exh. 6. On February
3  28, 2007, the California Supreme Court denied review. Exhs. 7, 8. On May 28, 2008, petitioner
4  filed a petition for writ of habeas corpus in this Court.

**STATEMENT OF FACTS**

7  On March 20, 1980, at 9:45 or 10:00 p.m., 12-year-old Alex Vaisman was returning home
8  with a friend by bus from a community center in San Francisco. Exh. 2, Reporter's Transcript
9  ("RT") 14-17. Petitioner was also on the bus and moved to the seat next to Alex when Alex's friend
10 got off the bus. RT 18. Petitioner asked Alex his name and where he was going. Alex told him his
11 name but did not say where he was going because he was afraid. *Id.* When Alex got off the bus at
12 25th Avenue and California Street, petitioner followed him off the bus. RT 18-20.

13 While Alex was waiting at the light to cross the street, petitioner came up to him and told
14 him that he had too much to drink and asked Alex to walk him home. RT 20. Alex said that he
15 could not walk him home. Petitioner then grabbed Alex by the right wrist and again asked him to
16 walk with him. RT 21. Alex felt he had no choice and agreed. Petitioner led him the opposite
17 direction from the direction of his home. RT 21, 24.

18 While they walked three blocks north on 25th Avenue, petitioner grabbed Alex with both
19 hands around the neck and told him that if he made a sound, he would kill him. RT 22, 103. As he
20 led him down the street toward the residential area of Sea Cliff, petitioner asked Alex if he had any
21 money. When Alex told him he did not have any money, petitioner said that he did not believe him.
22 RT 25, 96-97.

23 Petitioner then led Alex into a secluded area near the driveway of a house at #2 Scenic
24 Way. Petitioner made Alex take off his pants, and removed Alex's underwear and his own pants.
25 RT 25-26, 37. After he made Alex lie down on his back, petitioner got on top of him and rubbed
26 his penis on Alex's penis. RT 27. Petitioner then told Alex to suck his penis. When Alex refused,
27 petitioner started hitting his head on the ground. RT 28. Because he could not stand the pain, Alex
28 agreed. When petitioner put his penis in Alex's mouth, he bit it, and petitioner banged Alex's head

1  against the ground again harder than before. RT 29. Alex did yell for help several times during the
2  assault. RT 28-29. Petitioner then turned Alex over onto his stomach and inserted his penis into
3  Alex's anus. RT 30.

4        Petitioner then got dressed and left. A short time later, Alex had put his clothes back on
5  and petitioner returned. RT 31-32. Petitioner retrieved his hat, then left again up the driveway to
6  the street. *Id.* Alex lost sight of petitioner for about 35 seconds then went up the driveway and saw
7  the police stop petitioner less than a block away. RT 33, 61-62, 68.

8        The owner of the house at #2 Scenic Way heard cries for help and heard someone say,
9  "Shut up or I'll kill you," so she called the police. RT 111. She also saw petitioner leave her
10 driveway area, return a short time later, leave again wearing a hat, then get apprehended by the
11 police less than a block away. RT 112-115.

12       San Francisco Police Officer Michael Farrell responded to the call and saw petitioner on
13 25th Avenue without a hat and continued on to #2 Scenic Way. A few minutes later, he and other
14 officers returned, noticed petitioner wearing a hat about half a block away from the house, and
15 detained him. RT 71-75.

16       An officer encountered Alex at the end of the driveway and noticed that he was in shock
17 and had tears in his eyes. RT 99-100. When Alex looked toward petitioner, he started shaking and
18 said, "That the man in the blue hat just raped me." *Id.* Alex was taken to the hospital where he was
19 treated for bruises to his face and legs, including a cut lip, a black eye, and scratches to his neck.
20 RT 39-42. Tests did not reveal the presence of semen on Alex. RT 130-12.

21       Petitioner was arrested and told the police that he was too drunk to remember anything.
22 RT 130-6 - 130-9.

23

24 **Defense Case**

25       Petitioner testified on his own behalf. He stated that he had been drinking at a movie and
26 did ride the 1 California Street bus to the 25th Avenue bus stop on the night of the assault. He
27 denied seeing Alex or his friend on the bus and claimed he did not sit next to anyone. RT 130-17 -
28 130-24. Petitioner intended to transfer to another bus but had to urinate and walked up 25th Avenue

1  for a block and a half where he found a secluded place.  RT 131-134.

2  As he was returning to California Street, petitioner was stopped and handcuffed by four
3  police officers in dark clothes.  RT 133-134.  He told them that he was on his way home from a
4  movie and had not done anything.  RT 141-143.  He admitted that he was not drunk that evening,
5  but did not recall telling an officer that he was too drunk to remember anything.  *Id.*  He denied ever
6  being at #2 Scenic Way.  RT 138.  He also denied ever seeing, sodomizing, orally copulating, or
7  attacking Alex.  RT 138-139.

8

9  **STANDARD OF REVIEW**

10  This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996
11  (AEDPA), which imposes a "highly deferential" standard for evaluating state court rulings and
12  "demands that state court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537
13  U.S. 19, 24 (2002) (per curiam).  Under AEDPA, the federal court has no authority to grant habeas
14  relief unless the state court's ruling was "contrary to, or involved an unreasonable application of,"
15  clearly established Supreme Court precedent.  28 U.S.C. § 2254(d)(1).  "The question under AEDPA
16  is not whether a federal court believes the state court's determination was incorrect but whether that
17  determination was unreasonable——a substantially higher threshold."  *Schriro v. Landrigan*, 127
18  S.Ct. 1933, 1939 (2007); *accord Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The petitioner bears
19  the burden of showing that the state court's decision was unreasonable.  *Visciotti*, 537 U.S. at 25.

20

21  **ARGUMENT**

22  **THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE
    CONVICTION OF KIDNAPPING FOR ROBBERY**
23

24  Petitioner contends he was denied due process because there was insufficient
25  evidence to support his conviction of kidnapping for robbery.

26  Evidence is constitutionally sufficient to support a conviction when, upon "viewing
27  the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found
28  the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia,* 443 U.S. 307,

319 (1979) (emphasis in original). The reviewing court must presume that the trier of fact resolved any conflicts in the evidence in favor of the prosecution, and must defer to that resolution. *Id*. at 326. The relevant inquiry is not whether the evidence excludes every hypothesis except guilt. *Id*. "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Jackson*, 72 F.3d 1370, 1381 (9th Cir. 1995). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson* at 324 n. 16.

Further, under AEDPA, the question is whether the state court's application of the *Jackson* standard was objectively unreasonable. *Juan H. v. Allen,* 408 F.3d 1262, 1274-1275 (9th Cir. 2005). That inquiry is governed by 28 U.S.C. § 2254(d)(1) rather than § 2254(d)(2). *Sarausad v. Porter*, 479 F.3d 671, 677-678 (9th Cir. 2007).

Petitioner argues that there was insufficient evidence that he kidnapped the victim for purposes of committing a robbery, and that he had the specific intent to rob the victim at the time of the kidnapping. He posits that the evidence showed his only purpose was to commit a sex offense, and notes that he was not charged with kidnapping for that purpose.[1]

The California Court of Appeal considered these contentions and rejected them under the *Jackson* standard of review. The appellate court noted that the only evidence relevant to this point was Alex's testimony that petitioner asked him if he had any money at the outset of the incident. Exh. 6 at 5. The appellate court observed that, under state law, a defendant may be convicted of kidnapping for robbery even if the taking of personal property is not completed. *Id*., citing *People v. Davis*, 36 Cal.4th 510, 565-566 (2005). The appellate court held:

> The evidence is uncontradicted that the first expression of intent from defendant was not sexual, but related to money. The jury could have concluded that defendant's movement of Alex began with this motive; defendant did say he did not believe Alex had no money. The jury could conclude that defendant moved Alex until he could find a place where he could safety verify whether Alex had any money. The jury could also have concluded that once defendant had forced Alex into the garage alcove, the intention to steal was joined with, or superseded by, another intention, the

---

1. The jury did have the option of convicting petitioner of the lesser-included offense of simple kidnapping. CT 163-164.

*Crawford v. Evans* - Mem. of Points and Authorities in Support of Answer - C 08-2694 PJH

>    purpose of which was sexual gratification.[2/] Under the principles governing our review, we must accept that the jury reached this last conclusion. (See, e.g., *People v. Thomas* (1970) 3 Cal.App.3d 859, 865-866; *People v. Melendrez* (1938) 25 Cal.App.2d 490, 494-495.)

Exh. 6 at 5-6, renumbered footnote in original.

The appellate court's application of *Jackson* was not objectively unreasonable. Petitioner's first inquiry of Alex, just after grabbing him by the neck and threatening to kill him if he made a sound, was whether he had any money. When Alex said no, petitioner said he didn't believe him, and continued to lead him down the street to an alcove. At that point, the kidnapping was clearly in progress, and petitioner had given no indication of any intent other than to rob Alex. As the appellate court concluded, a reasonable jury could find from those actions alone that petitioner moved Alex for the purpose of committing robbery and had the specific intent to commit robbery. That petitioner's motive may have changed after reaching the alcove did not eliminate the fact that there was sufficient evidence that he initially intended to rob the victim when he commenced the kidnapping. The court must presume that the jury resolved such issues in favor of the prosecution. Under the doubly deferential standard applicable here, habeas relief is unwarranted.

Petitioner relies on *Smith v. Patrick*, 508 F.3d 1256 (2007). However, that case is inapposite. In *Smith,* the Ninth Circuit found insufficient evidence to sustain the grandmother's conviction of assault on a child resulting in death, where there was no physical evidence to support the expert testimony that the baby died from being shaken hard enough to shear the brain stem. *Id*. at 1258. In this case, there was no expert testimony at issue. The question was simply whether there was evidence from which a rational jury could find that petitioner intended to rob the victim and moved him for that purpose. As the appellate court reasonably found, there was.

---

2. It is not uncommon in kidnapping cases that multiple criminal motives are present. (See, e.g., *People v. Daniels* (1969) 71 Cal.2d 1119, 1136-1137; *People v. Stringtham* (1988) 206 Cal.App.3d 184, 204-205; *People v. Davis* (1987) 191 Cal.App.3d 1365, 1369.) This court made reference to the concept in *People v. Burns* (1984) 158 Cal.App.3d 1178, 1180.

*Crawford v. Evans* - Mem. of Points and Authorities in Support of Answer - C 08-2694 PJH

**CONCLUSION**

Accordingly, respondent respectfully requests that the judgment be affirmed.

Dated: July 28, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General

**/s/ Peggy S. Ruffra**

PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Respondent

*Crawford v. Evans* - Mem. of Points and Authorities in Support of Answer - C 08-2694 PJH

7

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | GREGORY A. OTT
Deputy Attorney General
5 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
6 | State Bar No. 117315
 455 Golden Gate Avenue, Suite 11000
7 | San Francisco, CA 94102-3664
 Telephone: (415) 703-1362
8 | Fax: (415) 703-1234
 Email: peggy.ruffra@doj.ca.gov
9 | Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **VICTOR RAY CRAWFORD,** | C 08-2694 PJH |
| Petitioner, | **NOTICE OF LODGING OF EXHIBITS** |
| v. | |
| **MICHAEL EVANS, Warden,** | |
| Respondent. | |

Notice is hereby given that the following exhibits are lodged in support of respondent's answer and memorandum of points and authorities:

EXHIBIT 1    Clerk's Transcript (1 volume)

EXHIBIT 2    Reporter's Transcript (1 volume)

EXHIBIT 3    Appellant's Opening Brief

EXHIBIT 4    Respondent's Brief

EXHIBIT 5    Appellant Reply Brief

EXHIBIT 6    Opinion by California Court of Appeal

EXHIBIT 7    Petition for Review

EXHIBIT 8    Order by California Supreme Court denying review

*Crawford v. Evans* - Notice Of Lodging Of Exhibits - C 08-2694 PJH

1

Dated: July 28, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General

**/s/ Peggy S. Ruffra**

PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Respodnents

*Crawford v. Evans* - Notice Of Lodging Of Exhibits - C 08-2694 PJH

2